RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
Office and Post Office Address
60 East 42nd Street, Suite 2430
New York, New York 10165
(212) 297-0700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NANCY DOUGLAS                                              05 CV 02447 (VM)(DF)

                Plaintiff,                                              COMPLAINT

       -against-

FIRST UNUM LIFE INSURANCE COMPANY

                Defendant.
-----------------------------------------------------------------X

       Plaintiff Nancy Douglas, by her attorneys Riemer & Associates LLC, complaining of defendant alleges:

       1.     This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et. seq.,* to recover benefits due under an employee benefit plan, to clarify the rights of plaintiff to future benefits under such plan, and to recover attorney fees and costs.

       2.     This Court has subject matter jurisdiction pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.  Under Section 502(f) of ERISA, 29 U.S.C. §1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

       3.     Venue is properly in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the Plan as hereinafter defined is administered in this district and the defendant resides or may be found in this district.

4. At all relevant times, plaintiff was and is a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7), in the Barron's Educational Series Inc. Long Term Disability Plan (the "Plan").

5. At all relevant times, the Plan is and has been an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).

6. At all relevant times, First UNUM Life Insurance Company ("UNUM") is and has been the named claims fiduciary within the meaning of ERISA §3(21)(A), 29 U.S.C §1002(21)(A).

7. The benefits under the Plan were furnished in accordance with and pursuant to Group Policy No. 00459430 issued by UNUM.

8. Plaintiff was employed as Vice President of Finance at Barron's Educational Series, Inc. ("Barron's").

9. As an employee of Barron's, plaintiff was provided with long term disability insurance coverage under the Plan.

10. On August 28, 2002, plaintiff was rendered totally disabled within the meaning of the Plan as a result of Multiple Sclerosis.

11. Plaintiff applied for long term disability benefits under the Plan.

12. By letter dated January 8, 2004, UNUM denied plaintiff's application for benefits.

13. By letter dated July 2, 2004, plaintiff appealed UNUM's denial of benefits.

14. By letter dated July 24, 2004, UNUM denied plaintiff's July 2, 2004 appeal.

15. Plaintiff has complied with and exhausted all administrative appeals under the Plan.

## COUNT I

16. Under the terms of the Plan, a disabled participant is entitled to a monthly benefit equal to 50% of pre-disability earnings.

17. From August 28, 2002 plaintiff has been totally disabled within the meaning of the Plan.

18. From August 28, 2002, plaintiff has not worked and has had no earnings.

19. In UNUM's January 8, 2004 denial, UNUM did not challenge plaintiff's claim that she has been totally disabled within the meaning of the Plan from August 28, 2002.

20. In UNUM's July 24, 2004 appeal denial, UNUM did not challenge plaintiff's claim that she has been totally disabled within the meaning of the Plan from August 28, 2002.

21. At no time did UNUM challenge plaintiff's claim that she has been totally disabled within the meaning of the Plan from August 28, 2002.

22. By failing to challenge plaintiff's claim that she has been totally disabled within the meaning of the Plan from August 28, 2002, UNUM has waived its right to do so.

23. UNUM's determination that plaintiff is not entitled to benefits under the Plan is contrary to the terms of the Plan, contrary to UNUM's own internal guidelines, contrary to the medical evidence, unreasonable, and arbitrary and capricious.

24. Upon information and belief, UNUM has a conflict of interest.

25. Upon information and belief, UNUM's determination of plaintiff's claim for benefits was affected by its conflict of interest.

26. Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), plaintiff is entitled to recover disability benefits under the Plan that have not been paid to date and those that will become due in the future.

## COUNT II

27. Plaintiff repeats and realleges the allegations of paragraphs 1 through 26 above.

28. By reason of UNUM's failure to pay plaintiff long term disability benefits as due under the terms of the Plan, plaintiff has been forced to retain attorneys to recover such benefits, for which plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and the costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, plaintiff demands judgment against UNUM:

A. For the amount of all long term disability benefits due under the terms of the Plan that have not been paid, together with interest thereon;

B. Clarifying and declaring that the Plan is obligated to pay plaintiff long term disability benefits in the future as required by the Plan;

C. For the costs of this action and plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g); and

D. For such other and further relief as may be deemed just and proper by the Court.

Dated: New York, New York
March 1, 2005

        RIEMER & ASSOCIATES LLC
        Attorneys for Plaintiff
        60 East 42nd Street, Suite 2430
        New York, New York  10165
        (212) 297-0700


        By:_____/s/_____
            Scott M. Riemer (SR5005)