UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                        :

NANCY DOUGLAS,                     :

                          : 05 CV 02447 (VM)

           Plaintiff,           :

                          : **FIRST UNUM'S RULE 56.1**

       – against –           : **STATEMENT**

                          :

FIRST UNUM LIFE INSURANCE COMPANY,    :

                          :

           Defendant.        :

                          :
-------------------------------------------------------------------x

      Defendant, First Unum Life Insurance Company ("First Unum"), by its attorneys, Begos &

Horgan, LLP, contends that there is no genuine issue to be tried with respect to the following

material facts:

      1.     Annexed hereto as Exhibit A is a true copy of the administrative record.

      2.     Barron's Educational Series, Inc. ("Barron") established an employee benefit plan that

provided disability benefits to its employees. The relevant terms of the Barron plan are contained in

a policy of insurance (the "Policy") that First Unum issued to Barron (AR 173-209).[1]

      3.     The Barron plan is an "employee benefit plan" within the meaning of 29 U.S.C. §

1003(a).

      4.     The Policy provides that, "[w]hen making a benefit determination under the policy,

[First] Unum has discretionary authority to determine [an employee's] eligibility for benefits and to

interpret the terms and provisions of the policy" (AR 200).

---

[1] References to "AR ___" are to the administrative record submitted with this motion. The pages of
the administrative record are numbered in reverse order and the page numbers appear on the lower right hand
side of the page.

5.      The Policy further emphasizes First Unum's discretionary authority, stating as

follows:

> In exercising its discretionary powers under the Plan, the Plan Administrator and any
> designee (which shall include Unum as a claims fiduciary) will have the broadest
> discretion permissible under ERISA and any other applicable laws, and its decisions
> will constitute final review of your claim by the Plan. Benefits under this Plan will
> be paid only if the Plan Administrator or its designee (including Unum), decides in
> its discretion that the applicant is entitled to them.

(AR 179).

6.      The Policy requires that participants submit notice and proof of claim within

prescribed time limits, as follows:

> Written notice of a claim should be sent within 30 days after the date your disability
> begins. However, you must send Unum written proof of your claim no later than 90
> days after your elimination period. If it is not possible to give proof within 90 days,
> it must be given as soon as is reasonably possible.

(AR 205).

7.      The "Elimination Period" is "a period of continuous disability which must be satisfied

before [an employee is] eligible to receive benefits from Unum." (AR 178). The Policy specified an

elimination period of 180 days (AR 206).

8.      The Policy thus requires a claimant, like plaintiff, to submit proof of a claim within

270 days after the date she claims her disability began, if it is possible to do so.

**Plaintiff's Late Notice and Proof of Claim**

9.      Plaintiff told First Unum that, as of August 29, 2002, she became unable to perform

her duties as Barron's vice president of finance due to sickness (AR 235).

10.     According to the Policy, plaintiff was required to give First Unum notice of her claim

by September 28, 2002 – *i.e.*, thirty days after August 29, 2002.

2

11.     Plaintiff first gave First Unum notice of her claim on or about October 20, 2003 (AR 229).

12.     Plaintiff gave her notice of claim thirteen months after the Policy required.

13.     According to the Policy, plaintiff was required to file proof of loss no later than May 26, 2003 – *i.e.*, 90 days after the end of the 180-day elimination period.

14.     Plaintiff first submitted a partial proof of claim on or about October 20, 2003 (AR 229-235), and did not complete her initial required submission until December 2003 (AR 227, 214-22).

15.     Plaintiff did not make any submissions until almost five months after the proof-of-claim deadline had elapsed.

**The Administrative Review and Determination**

16.     Barron informed First Unum on or about December 18, 2003, in the course of First Unum's claim investigation, that it had terminated plaintiff on August 28, 2002, "without knowledge of a disabling condition" (AR 221, 217-18).

17.     First Unum contacted Barron to inquire further about the circumstances of plaintiff's termination. Elaine Weiss, Barron's director of human resources, informed First Unum that "Insured was terminated for cause. They had no idea she had a disability" (AR 170).

18.     Plaintiff confirmed to First Unum that Barron had, indeed, terminated her (AR 168).

19.     When First Unum asked plaintiff for her understanding of the reason Barron terminated her, plaintiff responded that Barron had told her that New York was an at will state and that it "could just terminate her" (*id.*).

3

20.     Plaintiff also informed First Unum at that time that she had filed a suit against Barron for wrongful termination (*id.*).

21.     First Unum asked plaintiff why she filed her claim more than a year after she claimed her disability began. Plaintiff responded that she "was filing [a] lawsuit [against Barron for wrongful termination] and didn't know she could [also] file [a] claim" (AR 167).

22.     Plaintiff also told First Unum that, when Barron terminated her, "[s]he was in the process of getting claims information together" (AR 168).

23.     First Unum asked one of its attorney employees, Stephen W. Walker, for his opinion as to whether plaintiff's excuse for her late filing was reasonable. It inquired, as follows: "Is insured's reasoning (she was filing lawsuit against employer and claims she did not know she could file a disability claim) a valid excuse for the late filing or [may] we deny this claim based upon the late filing?" (AR 143).

24.     First Unum documented Mr. Walker's response, as follows:

[Claimant] indicates she didn't know she could file claim because she was filing a lawsuit. She could have easily checked this out by asking insurer, employer or her attorney. Based upon above, it was reasonably possible for insured to file claim earlier. She has definitely filed claim late, per terms of contract.

Per Steve, excuse does not appear reasonable.

(AR 142).

25.     By letter dated January 8, 2004, First Unum denied plaintiff's claim (AR 137-39).

26.     First Unum informed plaintiff that her claim was being denied because it was late:

We received your portion of the completed claim form on 10/23/03. We received your employer's portion on 12/18/03. Using the least restrictive deadlines set forth in the policy, your claim should have been received by us prior to 5/25/03. We

4

received your claim more than five months beyond the deadline set forth in the contract.

In our conversation, you indicated that your doctor advised you to stop working as early as June 2002. You indicated that you were in the process of completing disability papers, when you were terminated by your employer. When we asked why your claim was filed so late, you advised that you had a lawsuit pending against your employer, so you didn't know that you could file a disability claim. Had you contacted your employer, us or your attorney, you would have been advised that the lawsuit did not preclude you from filing a disability claim.

It is our determination that it was possible for you to provide us with proof of your claim within the 90 days after the completion of your elimination period. Since this proof was not provided to us within the timeframe, as set forth in the terms of your contract, we are unable to consider your claim for benefits

(AR 139).

27.    Plaintiff administratively appealed First Unum's determination (AR 32-35).

28.    On her administrative appeal, plaintiff conceded that she had submitted her proof of claim late (AR 32).

29.    On her administrative appeal, plaintiff also modified her excuse for the late filing (AR 30-31, 34).

30.    Specifically, plaintiff reported that her counsel in the employment litigation advised her *not* to file for benefits under the plan because "this would interfere with the lawsuit for wrongful termination" (AR 30-31).

31.    Thus, plaintiff's proffered reason for filing late changed from "*I didn't know* I could file earlier," to "my attorney and I *made the conscious decision not to file earlier*."

32.    First Unum considered plaintiff's arguments on appeal, but concluded that she reasonably could have filed her claim within the Policy's time limits (AR 22).

33.    By letter dated July 27, 2004, First Unum notified plaintiff's counsel, as follows:

5

The policy permits delayed filing if timely filing was not possible within 90 days, provided that written proof is provided "as soon as is reasonably possible." Ms. Douglas has asserted that she did not file her claim in accordance with the time set forth in the policy because she relied on "legally incorrect" advice from her attorney; as noted in your letter dated July 2, 2004, this is not a reasonable explanation to support belated filing of the claim outside the timeframes set forth by the policy. The provision does not describe exceptions based on incorrect legal advice, and instead requires that the claim be filed when it is possible to do so. It was possible for Ms. Douglas to file her claim in a timely manner. She did not, and therefore the policy provisions cited above indicate her claim is filed late.

Based on the above reasons, we have determined that the policy limitation described above applies to your client's claim. Therefore, the decision to deny further benefits is appropriate.

(AR 22).

34.    Within days after plaintiff completed the submission of her belated proof of claim forms to First Unum in December 2003, plaintiff told First Unum that she had applied for Social Security Disability Insurance benefits "a couple of months ago." (AR 167).   If plaintiff was competent to file for Social Security, she was competent to file for benefits under the First Unum Policy.

35.    Plaintiff's treating physician's records show that the doctor examined her at least three times during the period in which she could have timely filed proof of claim (but did not), and

there is no indication of a lack of competence (AR 121-27: *e.g.*, on April 23, 2003, the doctor

reported that plaintiff was "pleasant and cooperative and in no acute distress").

Date:   Bronxville, New York
      March 13, 2006

                             BEGOS & HORGAN, LLP

                             By: _____
                                   Patrick W. Begos (PB4372)
                                   Brian G. Kanner (BK3256)
                             Attorneys for Defendant
                             7 Pondfield Road
                             Bronxville, New York 10708
                             (914) 961-4441

7