```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
NANCY DOUGLAS,                      :
                                    :
                    Plaintiff,      :
                                    :     05 CV 2447 (VM)
         -against-                  :
                                    :     DECISION AND ORDER
FIRST UNUM LIFE INSURANCE           :
COMPANY,                            :
                                    :
                    Defendant.      :
------------------------------------X
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-11-06

**VICTOR MARRERO, United States District Judge.**

Plaintiff Nancy Douglas ("Douglas") brought this case alleging that she was denied disability benefits under the Barron's Educational Series Inc. Long Term Disability Plan (the "Plan") by its administrator, defendant First Unum Life Insurance Company ("Unum"). Pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et. seq., Douglas seeks to recover benefits that she claims are due to her under the Plan, to clarify her rights to future benefits under the Plan, and to recover attorney's fees and costs. Douglas moves for summary judgment on her claims pursuant to Fed. R. Civ. P. 56, and Unum moves for summary judgment dismissing the claims against it. For the reasons set forth below, Douglas's motion is DENIED, and Unum's motion is GRANTED.

## I. BACKGROUND[1]

A.   DOUGLAS's CLAIM

From September 4, 2001 to August 28, 2002, Douglas was employed as Vice President of Finance by Barron's Educational Services, Inc. ("Barron's"). Barron's established the Plan to provide disability benefits to its employees. As a Barron's employee, Douglas was a participant in the Plan.

In January, 2002, Douglas developed symptoms of fatigue and numbness in her right hand and arm. Her physicians later determined that she was suffering from primary progressive multiple sclerosis. According to Douglas, her doctor suggested in June 2002 that she should consider leaving her employment. On August 28, Barron's terminated Douglas's employment. Barron's claimed that she was fired for cause. Douglas claimed that she was discriminated against on the basis of her disability, and she sued Barron's for wrongful termination.

In October, 2003, Douglas applied to Unum for long term disability benefits under the Plan. In January, 2004, Unum

---

[1] The factual summary that follows derives primarily from Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment ("Pl. Mem."), dated March 14, 2006; First Unum's Brief in Support of its Motion for Summary Judgment on the Administrative Record ("Def. Mem."), dated March 14, 2006; Plaintiff's Statement Pursuant to Local Rule 56.1 ("Pl. 56.1"), First Unum's Rule 56.1 Statement ("Def. 56.1"), and the Administrative Record attached to Def. Mem. ("A.R."). Except where specifically referenced, no further citation to these sources will be made.

denied Douglas's claim on the basis that it had not been submitted in a timely fashion. Douglas appealed Unum's determination in July, 2004, and Unum again denied her claim. Having exhausted the administrative remedies provided by the Plan, Douglas now brings this action pursuant to §§ 502(a) and 502(g) of ERISA, 29 U.S.C. §§ 1132(a) and 1132(g).

B.   THE PLAN

The Plan is an "employee benefit plan" within the meaning of 29 U.S.C. § 1003(a). The terms of the Plan are contained in a policy of insurance (the "Policy") that Unum issued to Barron's. With regard to time limitations for the submission of notice and proof of claim, the Policy states:

> Written notice of a claim should be sent within 30 days after the date your disability begins. However, you must send Unum written proof of your claim no later than 90 days after your elimination period. If it is not possible to give proof within 90 days, it must be given as soon as reasonably possible.

(A.R. 205.) The "elimination period" is "a period of continuous disability which must be satisfied before [an employee is] eligible to receive benefits from Unum." (Id. at 178.) The Policy specified an elimination period of 180 days.

Unum's Claim Manual includes a section entitled "Late Notice Claim Procedures" (the "Claim Procedures"), which are described as "guidelines for determining what information is needed when evaluating whether a claim is filed within the legal and contractual requirements." (Id. at 29.) The Claim

-3-

Procedures provide, in relevant part:

> For claimants living in any of these three states [Alabama, New York, or Colorado], if the claim is submitted after the time limit set forth in the policy, we must evaluate whether the claimant's delay was unreasonable. To answer that question, we should take the following steps:
>
> - Ask the claimant to explain the reasons for the delay in submitting the claim; and
>
> - Evaluate whether the reason provided is a justifiable excuse for the delay.
>
> - If the claimant presents a reasonable basis for the delay, we must conduct an analysis to determine if the delay prejudiced our ability to investigate or decide the claim.
>
> - If the claimant does not present a reasonable basis for the delay, the claim should be appropriately denied as untimely.

(Id.)

C. UNUM'S DENIAL OF DOUGLAS'S CLAIM

Douglas first gave Unum notice of her claim on or about October 20, 2003. Douglas told Unum that, as of August 29, 2002, she became unable to perform her duties at Barron's due to her illness. On or about December 18, 2003, Barron's submitted its portion of the claim, which informed Unum that it had terminated Douglas's employment on August 28, 2002.

On December 22, 2003, Douglas spoke on the telephone with Gayle Stoddard ("Stoddard"), a Unum Customer Care Specialist. Douglas confirmed that she had been terminated and informed Stoddard that she had filed a lawsuit against Barron's for

wrongful termination. Douglas also told Stoddard that she was in the process of getting claim information together when she was terminated. Stoddard's record of the telephone call indicates the following: "I asked why so late in filing claim. She was filing lawsuit and didn't know she could file claim." (Id. at 167.)

On the morning of January 8, 2004, Stoddard consulted Stephen W. Walker ("Walker"), one of Unum's in-house attorneys, regarding the timeliness of the claim filing. Stoddard's e-mail to Walker stated: "Insured is significantly beyond the requirements of the contract in terms of the time limits for filing a claim. She knew as far back as 6/02 (per her say) that she was disabled. I don't see any reasonable explanation as to why insured was unable to file a timely claim." (Id. at 143.) Stoddard's e-mail continued, "Please advise as to what is reasonable reasoning for not filing a timely claim. Is insured's reasoning (she was filing lawsuit against employer and didn't know she could file a disability claim) a valid excuse for the late filing or should we deny this claim based on the late filing?" (Id.)

In a "Note to File" created later that morning, Stoddard wrote, "Spoke to Steve Walker re late notice. ... She [Douglas] indicates she didn't know she could file claim because she was filing a lawsuit. She could have easily

-5-

checked this out by asking insurer, employer or her atty. Based on above, it was reasonably possible for insured to file claim earlier. ... Per Steve, excuse does not appear reasonable. In NY, if excuse is not reasonable, then we don't need to show prejudice. Can just deny claim[.]" (Id. at 142.)

By way of a letter dated January 8, 2004, Unum informed Douglas that it had completed its review and had determined that it was unable to approve benefits. The letter stated: "It is our determination that it was possible for you to provide us with proof of your claim within the 90 days after the completion of your elimination period. Since this proof was not provided to us within the timeframe, as set forth in the terms of your contract, we are unable to consider your claim for benefits." (Id. at 139.) The letter also notified Douglas of her right to appeal Unum's decision.

On or about July 2, 2004, Douglas sought an administrative appeal of Unum's determination. Douglas's attorney argued that Unum had not followed the Claim Procedures because it based its decision to deny benefits on a determination that it was possible for Douglas to have submitted her claim on time rather than examining whether there was a reasonable basis for the delay. Douglas's attorney also stated that Douglas "was specifically advised by

her [prior] attorney that she could not apply for disability benefits when her lawsuit against her employer was pending." (Id. at 34.)  In an attached affidavit, Douglas stated that her prior attorney "specifically advised me not to file an LTD claim with First UNUM indicating to me that this would interfere with the lawsuit for wrongful termination and would in any event be part of the settlement.  The claim was not filed due exclusively to this advise."  (Id. at 30-31.)

By letter dated July 27, 2004, Unum affirmed its original decision and denied Douglas's appeal.  The letter stated that Douglas's reliance on "'legally incorrect' advice" from her attorney is "not a reasonable explanation to support belated filing of the claim outside the timeframes set forth by the policy."  (Id. at 22.)

## II. DISCUSSION

A.  LEGAL STANDARD

1.  Summary Judgment

In connection with a Rule 56 motion, "[s]ummary judgment is proper if, viewing all the facts of the record in a light most favorable to the non-moving party, no genuine issue of material fact remains for adjudication." Samuels v. Mockry, 77 F.3d 34, 35 (2d Cir. 1996) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-50 (1986)).  The role of a court in ruling on such a motion "is not to resolve disputed

issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986), cert. denied, 480 U.S. 932 (1987). The moving party bears the burden of proving that no genuine issue of material fact exists or that due to the paucity of evidence presented by the non-movant, no rational jury could find in favor of the non-moving party. See Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223 (2d Cir. 1994).

When deciding cross-motions for summary judgment, the standard to be applied "is the same as that for individual summary judgment motions and a court must consider each motion independent of the other." Schultz v. Stoner, 308 F. Supp. 2d 289, 298 (S.D.N.Y. 2004).

2.  ERISA

Second Circuit doctrine instructs that "where the written plan documents confer upon a plan administrator the discretionary authority to determine eligibility, we will not disturb the administrator's ultimate conclusion unless it is 'arbitrary and capricious.'" Pagan v. NYNEX Pension Plan, 52 F.3d 438, 441 (2d Cir. 1995) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)). A denial of benefits of a plan subject to ERISA violates this standard if the

administrator's determination is "without reason, unsupported by substantial evidence or erroneous as a matter of law." <u>Id.</u> at 442; <u>see</u> <u>also</u> <u>Hogan v. Metromail</u>, 107 F. Supp. 2d 459, 474 (S.D.N.Y. 2000). The evidence necessary to satisfy the standard does not require a preponderance but only so much proof as a reasonable decision-maker would accept as sufficient to support a rational determination. <u>See</u> <u>Maida v. Life Ins. Co. of No. Am.</u>, 949 F. Supp. 1087, 1091 (S.D.N.Y. 1997). In assessing such evidence under the scope of review the arbitrary and capricious standard permits, the court may not consider extrinsic matters but must remain within the bounds of the administrative record considered by the plan's decision-maker. <u>See</u> <u>Miller v. United Welfare Fund</u>, 72 F.3d 1066, 1071 (2d Cir. 1995).

In the present case, both parties agree that the Plan grants Unum discretionary authority and that the appropriate standard of review is the arbitrary and capricious standard. (<u>See</u> Pl. Mem. 9; Def. Mem. 6.)

B. <u>DENIAL OF BENEFITS</u>

The parties are in agreement with respect to the essential facts of this case. They disagree, however, on the key issue of whether Douglas's claim should have been denied based on the relevant provisions of the Plan and the Claim Procedures. In accordance with the legal standard described

above, the task before this Court is to decide whether there is a genuine issue of material fact as to whether Unum's decision to deny benefits to Douglas under the Plan was arbitrary and capricious. See <u>Doe v. Cigna Life Ins. Co. of New York</u>, 304 F. Supp. 2d 477, 491 (W.D.N.Y. 2004).

According to Douglas, she became unable to perform her duties at Barron's on August 29, 2002. Taking that date as the date that Douglas's disability began, the Policy states that written notice of her claim "should" be sent within 30 days of that date, which was September 28, 2002. The Policy further states that written proof of her claim "must" be sent within 90 days after the 180-day elimination period, which was May 26, 2003. With respect to the latter deadline, the Plan states: "If it not possible to give proof within 90 days, it must be given as soon as reasonably possible." (A.R. 205.)

Unum's initial denial of Douglas's claim, in January, 2004, was based on the information obtained from Stoddard's December 22, 2003 telephone conversation with Douglas. Taken together, Stoddard's e-mail to Walker, her "Note to File," and Unum's letter to Douglas (all dated January 8, 2004) make clear that Unum based its denial on a determination that Douglas's explanation for her late filing -- that she did not know she could file a claim while her employment lawsuit against Barron's was ongoing -- was not a reasonable excuse.

-10-

Unum's denial of Douglas's appeal in July, 2004 also took into consideration the letter written by Douglas's attorney and Douglas's affidavit. The letter from Douglas's attorney stated that her prior attorney had advised her that she "could not" apply for disability benefits while her employment lawsuit was pending. (Id. at 34.) Douglas's affidavit states that her prior attorney "advised [her] not to file an LTD claim" at that time. (Id. at 30-31.) Unum contends that Douglas modified her excuse for the late filing in her appeal. Douglas maintains that she merely clarified her reason after Unum's claims examiner mischaracterized it.

Douglas also contends that, in denying her claim, Unum never consulted its Claim Procedures. This argument is not supported by the evidence. Douglas relies primarily on statements by Unum that "it was possible" for her to have filed within 90 days of the elimination period as evidence that Unum applied the wrong standard in making its determination. Although Unum's letter to Douglas denying her claim did use that phrase, it is clear from other documentation in the administrative file that Unum did in fact refer to the Claim Procedures and did consider whether Douglas's excuse was reasonable. Stoddard's "Note to File" indicates that Stoddard conferred with Walker regarding the reasonableness of Douglas's explanation for the late filing

-11-

and concluded that the "excuse does not appear reasonable." (Id. at 142.) The document continues, "In NY, if excuse is not reasonable, then we don't kneed to show prejudice." (Id.) This statement directly tracks the language of the Claim Procedures, which instruct that "[i]f the claimant presents a reasonable basis for the delay," then the claim examiner must determine if Unum was prejudiced by the delay, but "[i]f the claimant does not present a reasonable basis for the delay, the claim should be appropriately denied as untimely." (Id. at 29.) Moreover, Unum's letter to Douglas denying her appeal states, "Ms. Douglas has asserted that she did not file her claim in accordance with the time set forth in the policy because she relied on 'legally incorrect' advice from her attorney.... This is not a reasonable explanation to support belated filing of the claim...." This language directly contradicts Douglas's contention that Unum did not analyze whether there was a reasonable basis for the delay.

In light of the highly deferential standard of review that applies here, the Court need not determine whether Douglas did not know she could file a claim, made a tactical decision on the advise of her attorney not to file a claim, or was specifically told by her attorney that she could not file a claim. Each of these reasons was put forth to Unum, and Unum found none of them to be a reasonable basis for the delay

-12-

in filing. The Plan provides that Unum may exercise discretion in determining whether an applicant is entitled to benefits, and the Court concludes that the Unum acted within its discretionary authority in deciding that neither an applicant's ignorance of her ability to file a claim, nor advice from an attorney that she should not or could not file a claim, constitutes a reasonable basis for delay. Because the Court finds that Unum's determination was not "without reason, unsupported by substantial evidence or erroneous as a matter of law," and that no genuine issue of material fact remains concerning this issue, Unum is entitled to summary judgment on Douglas's claim alleging wrongful denial of ERISA benefits. Pagan, 52 F.3d at 442.

C.  ATTORNEY'S FEES

Douglas also seeks attorney's fees and costs pursuant to § 502(g) of ERISA, 29 U.S.C. § 1132(g). That section states that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C.A. § 1132(g)(1). In considering such an award, a district court considers several factors:

> (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.

-13-

Miller, 72 F.3d at 1074 (quoting Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir. 1987)). Taking these factors into consideration, the Court finds no basis for awarding attorney's fees and costs to either party.

### III. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion of plaintiff Nancy Douglas (Docket No. 12) for summary judgment granting the relief sought in the complaint herein is DENIED; and it is further

**ORDERED** that the motion of defendant First Unum Life Insurance Company (Docket No. 19) for summary judgment dismissing the complaint herein is GRANTED.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: New York, New York
      11 December 2006

                                Victor Marrero
                                    U.S.D.J.