```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/7/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

NANCY DOUGLAS,

          Plaintiff,

  – against –

FIRST UNUM LIFE INSURANCE COMPANY,

          Defendant.

------------------------------------------------------------x

05 CV 02447 (VM) (DF)

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED by the parties hereto through their undersigned counsel, that:

1. In connection with discovery proceedings in the above-captioned action, the following documents (and the information therein) that may be produced by First Unum Life Insurance Company ("First Unum") shall be designated confidential ("Confidential Material"): (a) documents describing bonuses, profit sharing or incentive plans that are not public documents; (b) documents pertaining to benefit claims filed by persons other than plaintiff; and (c) employee performance evaluations. First Unum shall designate Confidential Material by marking or stamping the material "Confidential."

2. Confidential Material may be used by plaintiff solely for the purposes of prosecuting this Action, and it shall not be used for, or in, any other action. Confidential Material shall be maintained in confidence by plaintiff, and shall not be further disclosed to any person except:

   a. counsel of record to the parties in this action, and attorneys, clerical, paralegal and secretarial staff regularly employed by such counsel;

   b. any named party to the action, or his, her or its representatives;

    c.    the Court and its officers.

3. Each person entitled to access to Confidential Material or information derived therefrom pursuant to this Protective Order shall be bound by the terms of this Protective Order.

4. If plaintiff objects to the designation of any Confidential Material as "Confidential," she shall state the objection by writing to counsel for First Unum. If the parties are then unable to resolve the objection, any party may move the Court to do so. Until the Court rules on any such motion, the Confidential Material shall continue to be treated as Confidential Material under the terms of this Protective Order.

5. The parties shall use their best efforts to preserve the confidentiality of any document, portion thereof, or other Confidential Material covered by this Protective Order that is filed with the Court ~~or presented at a hearing, trial or other proceeding in this action~~. In particular, if either party intends to file Confidential Material with the Court, that party shall either: (i) file that Material under seal; or (ii) give the party that has produced the Confidential Material thirty days' notice of intent to file the Confidential Material. *Any application to protect the confidentiality of documents or information at trial shall be made to the trial judge.*

6. In the event that any person or party subject to this Protective Order having possession, custody or control of any Confidential Material or any party receives from a non-party a subpoena or other process or order to produce such information, such person or party shall immediately send notice and a copy of said subpoena, process or order by hand delivery to the attorneys of record of the party producing such Confidential Material. The party producing the Confidential Material shall have the burden of defending against such subpoena, process or order.

2

7. Within sixty (60) days after termination of this Action, plaintiff's counsel and any experts retained by counsel shall return all Confidential Material to counsel for First Unum, or, in lieu thereof, certify in writing that such Confidential Material has been destroyed.

8. Entering into, agreeing to and/or producing or receiving materials or otherwise complying with the terms of this Protective Order shall not:

   a. prejudice in any way the rights of any party to object to authenticity or admissibility into evidence of any document covered under the terms of this Protective Order; or

   b. prejudice in any way the rights of a party to seek a Court determination whether such material should be subject to the terms of this Protective Order.

9. Any party may move the Court for a modification of this Protective Order at any time upon notice to all parties.

10. This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of all parties or by order of the Court made upon motion, with notice.

Dated:   Bronxville, New York
         July 22, 2009

| BEGOS HORGAN & BROWN LLP | RIEMER & ASSOCIATES, LLC |
|---|---|
| By:_____ | By:_____ |
| Patrick W. Begos (PB4372) | Scott Riemer |
| Attorneys for First Unum | Attorneys for Plaintiff |
| 7 Pondfield Road | 60 East 42nd Street |
| Bronxville, New York 10708 | New York, NY 10165 |
| (914) 961-4441 | (212) 297-0700 |

SO ORDERED,  8/7/09

_____
U.S.M.J.

**Debra Freeman**
**United States Magistrate Judge**
**Southern District of New York**

3